UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DERBY FABRICATING, LLC                                                                          PLAINTIFF

V.                                                                                          NO. 3:03CV-00803-S

PACKING MATERIAL COMPANY, INC.                                                      DEFENDANT

### MEMORANDUM OPINION

The plaintiff has filed a renewed motion to compel answers and responses to its first and second sets of interrogatories and requests for production of documents. The defendant has objected, most specifically to the production of information regarding its financial condition. For the reasons specified herein, the court finds that defendant's arguments lack merit, and that the requested discovery should be compelled.

Defendant's principal objection (indeed the only objection raised in its opposition plaintiff's renewed motion to compel) to the requested discovery is that it seeks information about the defendant's financial condition. Defendant's objection is not entirely unfounded. The United States Supreme Court has recently noted once again its enduring concern that juries evaluating whether to award punitive damages may use their verdicts to express biases unwarranted by the facts, if they are presented with evidence of a defendant's net worth. *See, e.g., State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1520 (2003).

Plaintiff asserts, however, that such information is both relevant and discoverable because they have asserted fraud claims and are specifically seeking punitive damages. Kentucky Revised Statute 411.184 permits the award of punitive damages for a successful claim of fraud, and Kentucky Revised Statute 411.186 specifically includes "[t]he profitability of the

misconduct to the defendant" among the factors to be considered when a trier of fact determines that punitive damages should be awarded. Plaintiff therefore asserts that information regarding defendant's financial condition, is discoverable as potential evidence of any profitability of the alleged fraud to the defendant.

In support of its position, the defendant raises two arguments: (1) it asserts that the Kentucky Supreme Court in *Williams v. Wilson,* 972 S.W.2d 260 (Ky. 1998), rendered Ky. Rev. Stat. 411.186 unconstitutional "in conjunction with" Ky. Rev. Stat. 411.184, the punitive damages statute, and (2) that Ky. Rev. Stat. 411.186 is also unconstitutional because it is an improper legislative encroachment upon the Kentucky courts' power to decide what evidence juries are entitled to consider.

The court disagrees with defendant's analysis. First and foremost, the holding of the *Williams* decision was a narrow one. It declared only that 411.186 "malice" provision of the punitive damages statute was unconstitutional. It did not declare any other portion of the statute, including the provision at issue here, which permits punitive damages for fraud, to be unconstitutional. Nor did it hold that Ky. Rev. Stat. 411.186 was, in conjunction with the opinion's narrow holding, also unconstitutional. Neither that statute, nor even the principle that the profitability of a defendant's misconduct can be a factor to be considered by the trier of fact when it determines whether to award punitive damages, was discussed at all in *Williams*.

Moreover, this is a diversity action, and thus this court is charged not with determining for itself what the appropriate result should be, but determining how the courts of the Commonwealth of Kentucky would decide the issue. "In accordance with *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), when evaluating an undecided question of Kentucky law, a

federal court sitting in diversity must make the best prediction, even in the absence of direct state precedent, of what the Kentucky Supreme Court would do if it were confronted with [the] question." *Combs v. International Ins. Co.*, 354 F.3d 568, 577-78 (6th Cir. 2004)(internal citations and quotations omitted). Federal courts must proceed with caution, however, when making pronouncements about state law. *Id.* at 577. A federal court sitting in diversity is "not commissioned to take a position regarding the advisability or fairness of the state rule to be applied, but [must] determine the issue as would the highest court of the state." *Kurczi v. Eli Lilly & Co.,* 113 F.3d 1426, 1429 (6th Cir.1997). Thus, "[F]ederal courts hearing diversity matters should be extremely cautious about adopting 'substantive innovation' in state law. *Combs*, 354 F.3d at 578 (quoting *Rhynes v. Branick Mfg. Corp.,* 629 F.2d 409, 410 (5th Cir. Unit A 1980)).

  Since *Williams* was decided, the Kentucky Supreme Court and the Kentucky Courts of Appeals have had ample opportunity to evaluate the constitutionality of Ky. Rev. Stat. 411.186, and the extent of that statute's continued viability post-*Williams*. Those courts have not issued any opinion which holds that the profitability of a defendant's misconduct may not now be presented to the trier of fact. Indeed, the same group of jurists that decided *Williams* commented on Ky. Rev. Stat. 411.186 shortly after the *Williams* opinion was issued, and did not declare it unconstitutional or otherwise not viable for any reason. *See Hardaway Management Co. v. Southerland*, 977 S.W.2d 910, 916 (Ky. 1998)(noting that the common law rule of the Commonwealth that, in an action for punitive damages, the parties may not advise the jury of the defendant's financial condition, was not affected by the enactment of Ky. Rev. Stat. 411.186, even though that statute permits evidence of the extent to which the defendant profited from the

alleged wrongful acts). More recently, the Kentucky Supreme Court discussed both punitive damages statutes, Ky. Rev. Stat. 411.184 and 411.186, at some length, but did not avail itself of the opportunity to analyze their constitutionality. *See Kentucky Dep't of Corrections v. McCullough*, 123 S.W. 3d 130, 139 (Ky. 2004). Consequently, this court cannot predict that the Kentucky Supreme Court would deem Ky. Rev. Stat. 411.186(2)(c) unconstitutional. For that reason, plaintiff's are entitled to discovery of defendant's financial condition, not so they can present evidence of that condition to the trier of fact, but so that they can determine whether there is any evidence that the defendant's alleged misconduct resulted in a profit that it would not otherwise have gained.

       The court will enter an appropriate order consistent with this memorandum opinion.

       DATE:

cc:    counsel of record